## Tevis, Appellant, v. Tevis *et al.*, Respondents.

1. A promissory note was executed in the following form: "Two years after date, I promise to pay to the order of Tevis, Sons & Co., $4000, for value received, with interest as per agreement from date. [Signed] Henry L. Tevis;" this note was assigned in the name of Tevis, Sons & Co. *Held*, in a suit by the assignee against the members of the firm of Tevis, Sons & Co., in which the defence relied on was that Henry L. Tevis, the maker of the note, was a member of the partnership firm of Tevis, Sons & Co., and had executed the note in question and endorsed it in the name

of the firm for the purpose of raising money for his individual use; that it was erroneous to instruct the jury that "the form of the note sued on imports that Henry L. Tevis was the principal debtor, and that Tevis, Sons & Co. were his sureties."

### Appeal from St. Louis Circuit Court.

The following instructions were given upon the motion of defendant: "1. Henry L. Tevis had no authority by virtue of being a member of the firm of Tevis, Sons & Co. to give the endorsement of that firm as a security for money lent to him individually; and if they find that he did so give it in this instance, and that the plaintiff had notice thereof, then the plaintiff can not recover against any members of the firm of Tevis, Sons & Co., except such as shall have been shown by express evidence to the satisfaction of the jury to have authorized or assented to such endorsement. 2. If the jury find from the evidence that at the time when Henry L. Tevis delivered to the plaintiff the note sued on in this action, the said plaintiff knew or suspected, or had any reason to suspect, that the said Henry L. Tevis was borrowing the money for his own use, and giving to the said plaintiff the name of the firm of Tevis, Sons & Co. as a security therefor; and if they further find that such was really the object of the said Henry L. Tevis, and that no portion of the said sum of money came to, or was applied to, the use of the said firm of Tevis, Sons & Co.; and that the said note was drawn up and endorsed in the handwriting of said H. L. Tevis without the knowledge or consent of the firm; then said note is not binding against any member of said firm not knowing or consenting to the same. 3. It devolves upon the plaintiff to prove that the firm of Tevis, Sons & Co. received or used the money for which the note was given in the mentioned instruction number 2. 4. The form of the note sued on in this action imports that Henry L. Tevis was the principal debtor, and that Tevis, Sons & Co. were his sureties. The jury is instructed that Henry L. Tevis had no authority by virtue of being a member of the firm of Tevis, Sons & Co. to give the

endorsement of that firm as a security for money lent to him individually."

The court, on its own motion, gave the following instruction: "1. If Henry L. Tevis, as a member of the firm of Tevis, Sons & Co., applied to the plaintiff for a loan to the firm of Tevis, Sons & Co. upon the name and security of said firm, and if the plaintiff lent the money to said Henry upon the name and security of said firm, and the said Henry gave the note sued on, endorsed by him in the name of the firm as security for said loan, then the firm of Tevis, Sons & Co. are liable thereon, unless the plaintiff knew, or had reason to suspect that the money was borrowed by said Henry for his individual use."

The court overruled plaintiff's motion to give the following instructions : " 1. If Henry L. Tevis, as a member of the firm of Tevis, Sons & Co., applied to the plaintiff for a loan upon the name and security of said firm, and the plaintiff loaned the money to said Henry upon the name and security of said firm, and that said Henry gave the plaintiff, as security for said loan, the note sued on in this case, the said firm of Tevis, Sons & & Co. are liable, unless the plaintiff knew, or had reason to believe, the money was gotten by said Henry for his individual benefit. 2. If the jury find from the evidence in the cause that H. L. Tevis, on the 1st day of July, 1831, executed his note to Tevis, Sons & Co., and said H. L. Tevis, one of the members of the firm of Tevis, Sons & Co., afterwards assigned said note to plaintiff, using the name of Tevis, Sons & Co. in said assignment, and when said note fell due said H. L. Tevis was insolvent, so that any suit against him or his estate would have been unavailing, that the plaintiff is entitled to recover against the firm of Tevis, Sons & Co., unless they show there was no consideration for said assignment from plaintiff to said Tevis, Sons & Co. 3. That the note and endorsement read in evidence is *prima facie* evidence of the liability of the defendants, and the burden of proof is on them to show that no part of the loaned money came to their hands."

Plaintiff took a non-suit, with leave to move to set the

same aside. The court overruled a motion to set aside the non-suit.

*N. D. & G. P. Strong,* for appellant, cited 1 Pars. on Cont. 158, 160 ; Etheridge v. Binney, 9 Pick. 272 ; Whitaker v. Brown, 16 Wend. 505 ; Vallett v. Parker, 6 Wend. 615 ; Swan v. Steele, 7 East, 210 ; Onondago County Bank v. Depuy, 17 Wend. 47 ; Catskill Bank v. State, 15 Wend. 364 ; 5 Pet. 529 ; Coll. on Part. § 401–6, 447–8.

*T. T. Gantt,* for respondents.

I. The instructions asked for by plaintiff were properly refused.

II. The instructions given upon motion of defendants were correct expositions of the law. The form of the note did import that the firm was surety for Henry L. Tevis. A note of this firm was declared to have this effect in the case of Livingston v. Roosevelt, 4 Johns. 272.

III. The instruction given by the court, of its own motion, was legal and proper. (Livingston v. Hastie, 2 Caines, 246 ; Dob v. Halsey, 16 Johns. 34 ; Foot v. Sabin, 19 Johns. 157 ; Rogers v. Batchelor, 1 American Lea. Cas. 267, 303.)

Scott, Judge, delivered the opinion of the court.

This was a suit on an assigned note by the assignee. The following is a copy of the instrument sued on : " St. Louis, July 1st, 1851. Two years after date, I promise to pay to the order of Tevis, Sons & Co., four thousand dollars, for value received, with interest as per agreement from date. [Signed] Henry L. Tevis." [Endorsed] " Pay to Rev. John Tevis. Tevis, Sons & Co." Henry L. Tevis was the maker of the note, and the suit is against Tevis, Sons & Co., as the assignors of it, the maker of the note being insolvent. Henry L. Tevis drew and assigned the note to the plaintiff, being a member of the firm of Tevis, Sons & Co. The defence was that the note was not a partnership security ; that it was given by H. L. Tevis for money borrowed for his individual use, with

the knowledge of the lender, who is the plaintiff. Among other instructions the court gave the following, at the instance of the defendant, viz : " The form of the note sued on in this action imports that Henry L. Tevis was the principal debtor, and that Tevis, Sons & Co. were his sureties. The jury is instructed that Henry L. Tevis had no authority by virtue of being a member of the firm of Tevis, Sons & Co. to give the endorsement of that firm as a security for money lent to him individually."

It seems to us that this instruction virtually determined the controversy. The note, without any extrinsic evidence, imports that H. L. Tevis made it to Tevis, Sons & Co., and that they assigned it to the plaintiff, thus making H. L. Tevis primarily liable, and Tevis, Sons & Co. liable as assignors in the event of his insolvency. The form of the note does not import that Tevis, Sons & Co. were sureties ; it only shows that between the maker and the payees there existed the relation of creditors and debtor. The note having been given by H. L. Tevis to Tevis, Sons & Co. is *prima facie* evidence that money was loaned by Tevis, Sons & Co. to H. L. Tevis. ( 2 Stark. Ev. 182. ) It is alone the knowledge of the extrinsic facts which can enable one to believe that Tevis, Sons & Co. were made securities for H. L. Tevis. Present the note to one who is ignorant of all the external circumstances which influence it, and it will never occur to him that Tevis, Sons & Co. were the sureties of H. L. Tevis otherwise than as assignors. But let him understand that H. L. Tevis was a member of the firm of Tevis, Sons & Co., that he drew the note and assigned it in the partnership name and delivered it to the plaintiff, then there are circumstances from which a conclusion may be drawn that Tevis, Sons & Co. were intended to be made the sureties of H. L. Tevis. We do not consider the case of Livingston v. Roosevelt, 4 John. 257, as maintaining that where a member of a firm draws a note in his own name, payable to the firm, and assigns it in the partnership name, that the assignee of such note is presumed to have taken it with the knowledge that it was for the maker's individual debt. That case only goes the length that under such circum-

stances, so indirect a mode of doing that which might have been done in a much simpler way, if it was really a partnership transaction, is evidence in support of the defence that the debt thus secured was the individual debt of him who executed such a security. But the instruction under consideration, in order to be sustained, must rely on some other case than that cited ; for it would derive support from that case, though it should not appear that the maker of the note was a member of the firm to whom it was made payable ; that is, the instruction would have the conclusion drawn that there was a suretiship created by the note, though it did not appear that H. L. Tevis, the maker, was a member of the firm of Tevis, Sons & Co. This fact could not be learned from the face of the note, and yet the case from Johnson is relied on, which goes upon the supposition that the maker of the note was a member of the firm to whom it was payable. By transposing the two propositions contained in this instruction—and such transposition does not at all affect their sense—it is plain that after it was given the jury had nothing to do but to sign a verdict.

The instruction given by the court, with the exception of the last clause, which rendered it obscure if not unintelligible, set the case of the plaintiff in a proper light before the jury, and we see no error in refusing those asked by him, as one of them was only designed to state in confused terms what should have been put in a plain way to the jury. Had the instruction given by the court been unexceptionable in the particular stated, there would have been no necessity for it. The second instruction asked was improper, because although every fact assumed in it was true, a verdict for the plaintiff should not have followed, unless the defence set up had been negatived. The instruction asks for a verdict precisely as if there was no defence in the case, though the existence of that defence was entirely consistent with the state of the facts mentioned in the instruction. The circumstances and the evidence in the case did not warrant the giving of the plaintiff's last instruction, and there was no

coherence, as we can see, between the propositions or matters contained in it.

We do not well see what is meant by the terms "express evidence" in the defendant's first instruction. It is certainly a very unhappy expression for an instruction to a jury. We do not know what idea was intended to be conveyed by it. Certain it is that the fact alluded to might have been established by circumstantial evidence, or its existence might have been implied from other facts. Judge Ryland concurring, the judgment will be reversed, and the cause remanded; Judge Leonard absent.